UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Kershaw, <br> *a/k/a* Gabriel L. Kershaw, #31245-171, <br> *a/k/a* Gabriel Z. Kershaw, #31245-171, <br>                             Plaintiff, <br> v. <br> Bureau of Prisons, <br>                             Defendant. | C/A No. 4:22-4670-BHH-TER <br><br> **ORDER** |

This is an action filed by a federal prisoner proceeding *pro se*, and the matter is before the Court due to Plaintiff's failure to comply with the Magistrate Judge's order dated January 19, 2023, directing Plaintiff to pay the fee or file a motion for *in forma pauperis*.[1] (ECF No. 5.)

The mail in which the order was sent to Plaintiff's provided address has not been returned to the Court; thus, it is presumed that Plaintiff received the Order but has neglected to appropriately comply with the order within the time permitted. The Court has not received an appropriate response from Plaintiff, and the time for compliance has passed.

"The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but

---

[1] In response to the Court's order, Plaintiff sent a letter stating "there has been a mistake." (ECF No. 7.) Plaintiff stated he thought the Court would forward his BOP administrative forms to the BOP regional office for him. Plaintiff asked that the Court send the forms back to Plaintiff if the Court could not send his BOP forms to the regional offices. (*Id.*) Plaintiff did not expressly request dismissal but stated this was "an attempt to put the court on notice." The Court is not a conduit of mail for the administrative BOP process; on January 31, 2023, the BOP forms were returned to Plaintiff per his request. (ECF No. 8.)

by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff's lack of an appropriate response indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (stating that district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissing with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (noting that the court may dismiss *sua sponte*).

Accordingly, the Court hereby dismisses this case without prejudice, and the Clerk of Court shall close the file.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

Charleston, South Carolina
February 27, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.